

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 7, 1966

Honorable Robert S. Calvert          Opinion No. C-705
Comptroller of Public Accounts
Austin, Texas                        Re: Whether control of the build-
                                         ing and grounds purchased
                                         with Texas Employees Retire-
                                         ment System Trust funds is
                                         within the jurisdiction of
                                         the State Board of Control
Dear Mr. Calvert:                        or the Retirement System.

        By two letters to this office, one dated May 16, 1966,
and the other dated May 19, 1966, you have requested an opinion
in regard to the above matter. We quote from your letters as
follows:

        Letter of May 16th

        "The Texas Employees Retirement System, out
of Trust funds (Article 6228a R.C.S.) under the
control of that agency has recently completed an
office building and it is now being occupied by
the retirement system.

        ". . . .

        "The management and control of the building
and grounds necessarily calls for the expenditure
of funds from the State Treasury or the Trust
funds with the State Treasurer under the control
of the retirement system. This expense raises
the question as to what agency shall supervise the
maintenance and operation of the building and
grounds.

        "Please advise if the control of the build-
ing and grounds is under the jurisdiction of the
State Board of Control or the Retirement System?"

-3403-

### Letter of May 19th

". . . .

"It was further discussed at that time, in anticipation of accounts for repair and improvements of the building and grounds which could not be considered as a part of the original cost to submit to you the question now in your office. The information needed by me is to determine what approval should be required for passing for payment bills covering the type in question; Employees Retirement System, Board of Control or both?"

Article 6228a, Section 2, Vernon's Civil Statutes, as amended, provides, in part, as follows:

"A. The Employees Retirement System of Texas heretofore established under the laws of this State is hereby continued in corporate existence . . . and the management and operation of said system from the effective date of this Act shall be governed by the provisions of this Act.

"B. Said system shall continue to be known as the Employees Retirement System of Texas, and by such name all of its business shall be transacted, all of its funds invested, and all its cash, securities and other properties shall be held.

". . . .

"D. The Retirement System shall have the powers and privileges of a corporation and shall have also the powers, privileges and immunities hereinafter conferred."

Section 6 of Article 6228a, provides in part that:

"1. The General Administration and responsibility for the operation of the Retirement System and for making effective the provisions of the Act are hereby vested in a State Board of Trustees . . . ."

Section 7 of Article 6228a, provides that:

"C. The Treasurer of the State of Texas
shall be the custodian of all bonds, securities,
and funds. All payments from said funds shall be
made by him on warrants drawn by the State Comptrol-
ler of Public Accounts supported only upon vouchers
signed by the Secretary of the Retirement System
and the Chairman of the State Board of Trustees.
A duly attested copy of a resolution of the State
Board of Trustees designating such persons shall
be filed with said Comptroller as his authority for
issuing such warrants."

Section 13 of Article 6228a provides, in part, as
follows:

". . . All provisions of the law inconsistent
with the provisions of this Act are hereby repealed
to the extent of such inconsistency . . . ."

The land and building in question were purchased pur-
suant to Senate Concurrent Resolution No. 17, Acts 59th Legis-
lature, Regular Session 1965, page 1978, which contained, in
part, the following:

"WHEREAS, The Board of Trustees of the Em-
ployees Retirement System of Texas has requested
Legislative advice concerning the acquisition of
suitable real property and the construction of an
office building for the System; and

". . . .

"WHEREAS, Under the provisions of the Re-
tirement Act, funds are available to acquire
both the land and the building contemplated by
the Board of Trustees of the Employees Retire-
ment System . . .; and

"WHEREAS, It will not require any additional
legislation other than this resolution for the
Board of Trustees to acquire such land and con-

struct a building for the Employees Retirement System to be paid from the Expense Fund; now therefore, be it

"RESOLVED, By the Senate of the State of Texas, the House of Representatives concurring, that the Board of Trustees of the Employees Retirement System of the State of Texas be authorized to purchase a suitable site and to erect thereon a building adequate to house the employees and the files of such System.

". . . ."

It is clear from those portions of Article 6228a quoted above that the Retirement System is a corporate entity. Section 2. B. of Article 6228a, quoted above, provides that all properties of the Retirement System shall be held in the name of the "Employees Retirement System of Texas".

Article 6228a places the administration of the Retirement System in the hands of the Board of Trustees, and the State Treasurer is made custodian of all bonds, securities, and funds belonging to the Retirement System. The statute provides that all payments from Retirement System funds under the custodianship of the State Treasurer shall be made by the Treasurer on ". . . warrants drawn by the State Comptroller of Public Accounts supported only upon vouchers signed by the Secretary of the Retirement System and the Chairman of the State Board of Trustees." (Emphasis added.)

Article 665, Vernon's Civil Statutes, provides, in part, that:

"The State Board of Control shall have charge and control of all public buildings, grounds and property of the State, . . . and is charged with the responsibility to properly care for and protect such property from damage, intrusion or improper usage . . . . And the Board shall be authorized to provide for the allocation of space in any of the public buildings to the departments of the State Government and for the uses authorized by law to

have and occupy space in the State buildings, and
shall be authorized to make any repairs to any such
buildings or parts thereof necessary to the service-
able accomodation of the uses to which such build-
ings or space therein may be allotted."

If the building and grounds in question were held to
be under the control of the Board of Control pursuant to Article
665, then by virtue of such holding, the Board of Control would
be vested with the right to provide for the allocation of space
in the building to the various departments of the State govern-
ment. Such an allocation of space for the use by other depart-
ments of the State government would be inconsistent with the
legislative intent as manifested in Article 6228a and Senate Con-
current Resolution No. 17, cited above, and would be in contra-
vention of the trust nature of the property, as hereinafter dis-
cussed.

This office held in Attorney General's Opinion WW-565
that the funds of the Employees Retirement System are the pro-
perty of a trust created for the benefit of a class of citizens
of this State. Opinion WW-565 was based on the authority of
Friedman v. American Surety Co. of New York, 137 Tex. 149, 151
S.W.2d 570 (1941) wherein the Supreme Court of Texas was concerned
with the status of the Employees Compensation Fund and the
necessity for specific legislative appropriation prior to the
expenditure of certain monies belonging to the fund. In conclud-
ing that legislative appropriation was not necessary, the Court
stated:

". . . the fund created by the Act in its
very inception becomes the property of a trust
created for the benefit of a class of citizens
of this State . . . . The taxes are levied and
collected for such fund, and not for the State
in its sovereign capacity."

It necessarily follows that the building and grounds
in question having been acquired with trust funds, are impressed
with the trust and remain trust property, subject to the manage-
ment and control of the Board of Trustees of the Texas Employees
Retirement System and do not fall within that category of pro-
perty placed under the management of the State Board of Control

by Article 665.

## S U M M A R Y

Control of building and grounds purchased with Texas Employees Retirement System Trust funds is within the jurisdiction of the Board of Trustees of the Texas Retirement System. Payment of accounts for maintenance of and improvements to the building and grounds of the Retirement System should be made by the Treasurer out of the Texas Employees Retirement System Trust funds on warrants drawn by the State Comptroller supported only upon vouchers signed by the Secretary of the Retirement System and the Chairman of the State Board of Trustees.

Yours very truly,

WAGGONER CARR
Attorney General

By: Lewis E. Berry, Jr.
Assistant

LEBjr:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Paul Phy
C. Daniel Jones, Jr.
John Reeves
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright